**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| NELSON DELGIUDICE, JR, | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. 5:12-cv-74-CAR-MSH |
| Officer JARVIS PRIMUS, et. al., | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION AND
ORDER FOR SERVICE**

Plaintiff Nelson Delgiudice, Jr., an inmate at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed the present civil rights action under 42 U.S.C. § 1983. The Court has conducted a review of Plaintiff's Complaint (ECF No. 1) as required by 29 U.S.C. § 1915A(a) and finds that Plaintiff's due process claim against Defendant Patricia Evans should be allowed to go forward. It is **RECOMMENDED**, however, that all other claims and Defendants be **DISMISSED**.

**STANDARD OF REVIEW**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the Complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be

"liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nonetheless, a district court may still dismiss a prisoner complaint after the initial review if it finds that the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(2)(B) (requiring the same of prisoners proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, the complaint must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a

statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003); *see also* 28 U.S.C. § 1915A(b).

## PLAINTIFF'S ALLEGATIONS

This action arises out of an "assault" on Plaintiff, a Hispanic prisoner. According to the Complaint, Officer Jarvis Primus ran into Plaintiff's cell, "giving no orders or commands," and "struck Plaintiff on the left side of his face," without cause, "knocking [him] out cold." (Comp. 6.) Officer Primus then continued to assault Plaintiff even though he was unconscious. (*Id.*) As a result of this attack, Plaintiff suffered severe and disfiguring injuries to his face and head. Plaintiff received medical treatment and was later taken to the segregation unit.

This event apparently occurred just after another Hispanic prisoner "stabbed" a "CERT team" officer. (Compl. 6.) Plaintiff claims that the attack was an act of "retaliation" against all "Hispanic prisoners." (*Id.*) His recent Supplement specifically alleges that

> [t]his action arised [sic] because a Hispanic prisoner stabbed a CERT officer, which led CERT officers to retaliate and target all Hispanic prisoners that lived in F-1 unit. Plaintiff was targeted because he's a Hispanic person and because CERT officers went on a retaliation spree against all Hispanic prisoners . . . . Plaintiff was brutally assaulted by Defendant Primus who used force excessively, maliciously and sadistically to cause harm. . . . .

3

(Pl.'s Supplement 1 (emphasis removed).)

Plaintiff further alleges that Officer Larry Milner attempted to cover-up the unlawful conduct (and protect his co-worker from "liability") by filing a "fabricated and fraudulent" disciplinary report. (Compl. 6.) According to the Complaint, two disciplinary reports were filed after the incident. In the first, Defendant Milner states that Plaintiff attempted to cut *him* with a sharp object. (*Id.*) Plaintiff claims, on the other hand, that he "never even came across [Milner] on the day of the incident." (*Id.*) In the second report, another officer accused Plaintiff of possessing a weapon and ammunition. Apparently, this report was later "dismissed," and no weapon was ever confiscated or produced as evidence against Plaintiff. (Compl. 7.) A response to Plaintiff's grievance about the incident still concluded that Plaintiff "assaulted and stabbed" a CERT team officer and "was subdued using appropriate force." (Pl.'s Supplement 2.) Plaintiff claims that the events described in the disciplinary reports and grievance response never occurred. All of Plaintiff's administrative appeals were denied.

Officer Milner's report evidently led to a disciplinary hearing, wherein Plaintiff was given an opportunity to deny all accusations and explain "why he wouldn't commit such foolish and suicidal" acts.[1] (Pl.'s Supplement 3.) The hearing officer, Defendant Patricia Evans, nonetheless found Plaintiff guilty of "possession of [a] weapon" and

---

[1] At some point earlier, Plaintiff was apparently told by an investigator that he could not call his former roommate as a witness. However, Plaintiff does not allege that any of the named Defendants prevented him from calling any witness; nor does he identify the "investigator" as a party to this lawsuit.

4

"attempting to use [a] weapon to cause bodily injury." (Compl. 7; Pl.'s Supplement 3.) The written statement issued thereafter stated only that Plaintiff was found guilty of the charges "based on the factual statement" (presumably of an accusing officer). (Compl. 7, Pl.'s Supplement 3.) Plaintiff later appealed the decision to the Warden, and the appeal was denied.

After the hearing, criminal charges were also filed. (Compl. 7.) The Complaint alleges that Plaintiff was made to appear before a court in Hancock County; at which time, he pled "not guilty" to charges of "aggravated assault." Plaintiff was charged with assaulting both Defendants Milner *and* Primus, though, according to Plaintiff, no disciplinary report ever suggested that he assaulted Defendant Primus, and Primus never filed a report of his own. (Compl. 9.) These criminal charges are apparently still pending; but, the status of the case unclear.

Plaintiff has now been housed in the segregation unit for more than twenty-two months, where he has allegedly been "tormented and provoked" by officers and called a "snitch" and an "officer in disguise." (Compl. 8.) Plaintiff claims that he has been on a prison "blacklist" since he spoke out against the charges and accused the officers of wrongdoing. Plaintiff also alleges that "officials" have kept him segregation "excessively to try to chill Plaintiff from filing this suit" and are "trying to expire his statute of limitations" by prolonging the investigation and administrative procedures. (Compl. 9.)

## PRELIMINARY REVIEW OF PLAINTIFF'S CLAIMS

From these allegations, it appears Plaintiff has attempted to bring constitutional

claims for (1) the use of excessive force, (2) the filing of false disciplinary report, (3) a denial of due process in his disciplinary hearing, and (4) the subsequent verbal harassment and retaliation by prison officers.

Upon review, it is clear that Plaintiff's allegations of excessive force and false disciplinary reports are directly intertwined with criminal charges against Plaintiff which are, presumably, still pending. Thus, after an initial evaluation of Plaintiff's Complaint, the Court ordered Plaintiff to supplement his Complaint by explaining the status and/or outcome of the criminal charges filed against Plaintiff in the state court. Plaintiff filed his Supplement (ECF No. 9) on March 23, 2012. Therein, Plaintiff restated and clarified all of his factual allegations and informed the Court that he is "*not sure [of] the status on the criminal case which arised [sic] from this incident due to the fact plaintiff hasn't returned or been ordered to go back to court concerning the above matter.*" (Pl.'s Supplement 3).

Based on this response, the Court will abstain from considering claims arising out of the same events which gave rise to the state criminal charges. The United States Supreme Court case of *Younger v. Harris*, 401 U.S. 37 (1971), clearly precludes this Court from considering the allegations against Defendants. In *Younger*, the United States Supreme Court explained that federal courts must refrain from interfering with pending state criminal proceedings when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable injury. *Id.* at 53.

In this case, Plaintiff certainly has an adequate remedy at law because he may raise his excessive force and fabrication claims in his criminal case, which is apparently still

6

pending.  Plaintiff has also not alleged the existence of any special circumstances which create a threat of irreparable harm if this Court fails to intervene in his on-going criminal prosecution.  The mere fact that Plaintiff must endure state criminal prosecution fails to demonstrate irreparable harm.  *Younger*, 401 U.S. at 45.

In the event Plaintiff's criminal case is dismissed or otherwise terminated in his favor, he may re-file any civil claims that he has arising out of these events. Until then, it is **RECOMMENDED** that Plaintiff's claims alleging excessive force and filing a false disciplinary report be **DISMISSED** without prejudice.

However, because it is somewhat unclear whether Plaintiff's procedural due process claims are so intertwined with the facts at issue in the criminal case that abstention is required, the Court will, for the time being, allow this claim to go forward.  With respect to this claim, Plaintiff alleges that he was transferred to the segregation unit after his disciplinary hearing and has now been in punitive segregation for more than twenty-two months.  The Court will thus presume, for the purpose of the § 1915A review, that Plaintiff's disciplinary sanction may have imposed an "atypical and significant hardship" entitling him to some measure of procedural due process.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Williams v. Fountain*, 77 F.3d 372, 374–75 (11th Cir. 1996) (assuming that disciplinary sanction of one-year in solitary confinement triggers procedural due process protections under *Sandin*).

In *Wolff v. McDonnell* the Supreme Court identified the due process protections that a prisoner must be afforded in such cases: (1) written notice of the charges against him at

least 24 hours before his hearing; (2) an opportunity to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken.  418 U.S. 539, 563-67 (1974).  In this instance, Plaintiff alleges that Defendant Patricia Evans failed to provide him with a written statement that identified the evidence she relied on in reaching her decision and the reasons for the disciplinary sanction imposed.  According to Plaintiff, her written statement only explained that Plaintiff was found guilty "based on the factual statement."  Though Plaintiff was provided with *some* written statement, it is possible that the statement described in the Complaint may fall short of the requirements outlined in *Wolff*. *Id.*; s*ee Kyle v. Hanberry*, 677 F.2d 1386 (11th Cir. 1982) (finding conclusory statements to be insufficient); *Chavis v. Rowe*, 643 F.2d 1281, 1287 (7th Cir.), *cert. denied*, 454 U.S. 907 (1981) (statement fell short of requirement "that a written record of the proceedings be provided in order to protect the inmate against collateral consequences and to insure that prison officials acted fairly").  Thus, further factual development of this claim is required, and Defendant Patricia Evans will be required to answer to this claim.

No other claims should be permitted to go forward, however.  Plaintiff has failed to state a claim of either retaliation or harassment.  Indeed, the Complaint does not even allege that any of the named Defendants engaged in this conduct.  Rather, Plaintiff alleges that unidentified "SMU officers" and prison "officials" have tormented, tricked provoked, and kept him in segregation unlawfully.  These "officers" and/or "officials" are not identified and are not named as parties to this lawsuit.

Moreover, even if Plaintiff had identified the harassing officers, the allegations in the Complaint and Supplement fail to show that the alleged conduct rose to the level of a constitutional violation. First of all, the Constitution does not generally protect inmates against "[f]ear or emotional injury which results solely from verbal harassment or idle threats." *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991). Thus, allegations of "verbal abuse alone is insufficient to state a constitutional claim." *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir.2008); *see also Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir.1989) ("In addition, we note that a petitioner must allege more than that he has been subjected to verbal taunts . . . [h]owever distressing in order to make a claim that jailers have violated their duty of protection or deprived the petitioner of his constitutional rights.") (internal quotation marks and citation omitted); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) ("mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations.").

Plaintiff likewise fails to state a claim for retaliation. To state a claim for retaliation, a prisoner must allege a causal connection between his protected conduct and the prison official's action. *See Farrow v. West*, 320 F.3d 1235, 1248-49 (11th Cir. 2003); *see also, Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). This may be accomplished by alleging direct evidence of retaliatory intent or by describing "a chronology of events which may be read as providing some support for an inference of retaliation." *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979).

Here, Plaintiff only alleges that officers "kept [him] in SMU excessively to try to

9

chill Plaintiff from filing this suit." This singular, conclusory statement, without more, is insufficient to state a valid retaliation claim. *See also, e.g.*, *Thomas v. Warner*, 237 F. App'x 435, 438 (11th Cir. 2007) (claim properly dismissed where prisoner failed to allege facts showing that grievances motivated disciplinary report); *Akins v. Perdue*, 204 F. App'x 839, 843 (11th Cir. 2006) (prisoner failed to state retaliation claim when he failed to allege any facts from which causal connection could be reasonably inferred); *Brazill v. Cowart*, 2011 WL 900721 at *3 (M.D. Fla. March 14, 2011) (prisoner failed to allege facts suggesting a causal connection between the transfer and protected conduct).

For these reasons, it is **RECOMMENDED** that any harassment and retaliation claims be **DISMISSED** without prejudice under 28 U.S.C. § 1915(b)(1) for failure to state a claim.

## CONCLUSION

Accordingly, having conducted a preliminary review of Plaintiff's Complaint, as required by 29 U.S.C. § 1915A(a), it is recommended that only Plaintiff's due process claim against Defendant Patricia Evans be allowed to go forward. It is thus **RECOMMENDED** that all other claims and Defendants be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within **FOURTEEN (14) days** after being served a copy of this Order.

## **ORDER FOR SERVICE**

In light of these findings, it is **ORDERED** that service be made against Defendant Patricia Evans and that she file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of her duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## **DUTY TO ADVISE OF ADDRESS CHANGE**

All parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## **DUTY TO PROSECUTE ACTION**

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may**

12

**result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party is required to respond to requests exceeding these limitations.

## **REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed.

## **DIRECTIONS TO CUSTODIAN OF PLAINTIFF**

As previously ordered, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## **PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

Pursuant to provisions of the Prison Litigation Reform Act, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall

remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

SO ORDERED, this 5th day of April, 2012.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE