## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

NELSON DELGIUDICE, JR,                    :
                                          :
                       Plaintiff          :
             v.                           :        CIVIL NO. 5:12-cv-74-CAR-MSH
                                          :
PATRICIA EVANS                            :
                                          :
                       Defendant          :
_____

## <u>REPORT AND RECOMMENDATION</u>

Presently pending before the Court is Defendant's motion to dismiss (ECF No. 20), Plaintiff's third motion to appoint counsel (ECF No. 24), and Plaintiff's motion to amend his complaint (ECF No. 26).  For the following reasons, Plaintiff's motion to amend is granted and his motion to appoint is denied.  It is recommended that Defendant's motion to dismiss be denied, but that the case be stayed pending the resolution of Plaintiff's currently pending state criminal action.

## BACKGROUND

This action arises out of an alleged "assault" on Plaintiff, a Hispanic prisoner. According to the Complaint, Officer Jarvis Primus ran into Plaintiff's cell, "giving no orders or commands," and "struck Plaintiff on the left side of his face," without cause, "knocking [him] out cold."  (Comp. 6.)  Officer Primus then continued to assault Plaintiff even though he was unconscious.  (*Id.*)  As a result of this attack, Plaintiff suffered severe and disfiguring injuries to his face and head.  Plaintiff received medical treatment and was later taken to the segregation unit.

Plaintiff alleges that Officer Larry Milner attempted to cover-up the unlawful conduct (and protect his co-worker from "liability") by filing a "fabricated and fraudulent" disciplinary report.  (Compl. 6.)   According to the Complaint, two disciplinary reports were filed after the incident.  In the first, Defendant Milner states that Plaintiff attempted to cut *him* with a sharp object.  (*Id.*)  Plaintiff claims, on the other hand, that he "never even came across [Milner] on the day of the incident."  (*Id.*)  In the second report, another officer accused Plaintiff of possessing a weapon and ammunition. Apparently, this report was later "dismissed," and no weapon was ever confiscated or produced as evidence against Plaintiff.  (Compl. 7.)  A response to Plaintiff's grievance about the incident still concluded that Plaintiff "assaulted and stabbed" a CERT team officer and "was subdued using appropriate force."  (Pl.'s Supplement 2.)   Plaintiff claims that the events described in the disciplinary reports and grievance response never occurred.  All of Plaintiff's administrative appeals were denied.

Officer Milner's report evidently led to a disciplinary hearing, wherein Plaintiff was given an opportunity to deny all accusations and explain "why he wouldn't commit such foolish and suicidal" acts.  (Pl.'s Supplement 3.)  The hearing officer, Defendant Patricia Evans, nonetheless found Plaintiff guilty of "possession of [a] weapon" and "attempting to use [a] weapon to cause bodily injury."  (Compl. 7; Pl.'s Supplement 3.) The written statement issued thereafter stated only that Plaintiff was found guilty of the charges "based on the factual statement" (presumably of an accusing officer).  (Compl. 7, Pl.'s Supplement 3.)  Plaintiff later appealed the decision to the Warden, and the appeal was denied.

After the hearing, criminal charges were also filed.  (Compl. 7.)  The Complaint alleges that Plaintiff was made to appear before a court in Hancock County; at which time, he pled "not guilty" to charges of "aggravated assault."  Plaintiff was charged with assaulting both Defendants Milner *and* Primus, though, according to Plaintiff, no disciplinary report ever suggested that he assaulted Defendant Primus, and Primus never filed a report of his own.  (Compl. 9.)  These criminal charges are still pending.[1]

Although Plaintiff originally brought claims against Officers Primus and Milner, those claims were dismissed on preliminary review.  The only currently pending claims are against Defendant Patricia Evans in her individual capacity for failure to provide due process before putting Plaintiff in the segregation unit for more than twenty-two months.  Plaintiff seeks compensatory and punitive damages against Defendant Evans and has moved to amend his complaint to seek nominal damages against her.

## DISCUSSION

### I.    Motion to Amend

Plaintiff seeks leave to amend his Complaint solely to add a claim for nominal damages against Defendant Evans.  (ECF No. 26.)  Defendant admits that she has no basis upon which to object to the proposed amendment because it falls within Rule 15(a)(1)(B) as having been proposed within 21 days after a rule 12(b) motion was served.  The Court agrees with Defendant's assessment of Rule 15, and Plaintiff's motion to

---

[1] Plaintiff is charged with five counts of aggravated assault upon a correctional officer, two counts of obstruction of an officer, five counts of possession of a weapon by an inmate, and one count of possession of telecommunicates device by an inmate.  (Def.'s Mot. to Dismiss Ex. 1 at 3-5, ECF No. 20-2.)  It appears that some of the pending charges against Plaintiff concern persons and conduct not implicated in this action.

amend is granted.

## II.    Motion to Appoint

Plaintiff has again moved to appoint counsel in this case.  Such a motion has been denied on two prior occasions (*See* Order Mar. 14, 2013, ECF No. 7; Order, Apr. 5, 2012, ECF No. 11.)  Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel."  However, there is "no absolute constitutional right to the appointment of counsel."  *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).  Appointment of counsel is a privilege that is justified only by exceptional circumstances.  *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).  In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented.  *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).  Plaintiff has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent. Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*.  Furthermore, given that it is recommended that Plaintiff's Complaint be stayed, Plaintiff's motion to appoint is denied.

## III.   Motion to Dismiss

Although brought before this Court as a motion to dismiss, Defendant initially argues that this Court should apply the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), and decline to exercise jurisdiction over this case during the pendency of Plaintiff's related criminal proceedings.  (Br. in Supp. of Mot. to Dismiss 7, ECF No. 20-1.)  Specifically, Defendant asks that this Court stay this matter until the state criminal

4

case is concluded.  (*Id.*)  Plaintiff failed to specifically respond to this argument.  Because *Younger* does apply as explained below, the Court recommends that the case be stayed pending the resolution of the state criminal proceeding.

In *Younger v. Harris*, the Supreme Court held that a federal court could not intervene to enjoin pending state court proceedings absent a showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief.  401 U.S. at 54.  The Congressional desire to "permit state courts to try state cases free from interference by federal courts," as well as principles of equity and comity, form the basis of the doctrine.  401 U.S. at 43-44.  The Court must look to the following elements to determine if *Younger* requires abstention: first, do the proceedings constitute an "ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges."  *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Here, there are ongoing state criminal proceedings against Plaintiff that involve the exact factual incident from which Plaintiff contends there arises a due process violation.  Plaintiff claims that the factual incident as described in the disciplinary reports has been falsified.  If this Court were to make any factual findings regarding the disciplinary action taken against Plaintiff, it could conflict with and potentially affect the pending state criminal proceeding.  Second, those proceedings naturally implicate important state interests as they are criminal proceedings.  Third, Plaintiff would have an opportunity to raise these constitutional challenges in his state criminal proceedings.  *See,*

*e.g., Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985) (holding, in a *pro se* Section 1983 complaint alleging Fourth Amendment violations, that *Younger* abstention was appropriate given that the plaintiff raised the same Fourth Amendment violations in his state court trial, then-pending in the Georgia Court of Appeals).  Finally, there has been no showing by the Plaintiff of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."  *Middlesex Cnty.*, 457 U.S. at 435.  Thus, it is recommended that the Court apply the *Younger* abstention doctrine to this case and stay this action pending the resolution of Plaintiff's state criminal proceedings.  *See, e.g., Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996) ("[W]hile we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions.").

## CONCLUSION

For the reasons explained above, Plaintiff's motion to amend is granted, Plaintiff's motion for appointment of counsel is denied, and it is recommended that this case be stayed pending the resolution of the state criminal proceedings pending against Plaintiff.

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendants' Motion to Dismiss (ECF No. 20) be DENIED, but that this action be stayed.  Plaintiff's motion for appointment of counsel (ECF No. 24) is DENIED, but Plaintiff's motion to amend (ECF No. 26) is GRANTED.  Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

6

SO RECOMMENDED, this 7th day of March, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE