## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **NELSON DELGIUDICE, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **No. 5:12-CV-74 (CAR)** |
| **PATRICIA EVANS,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER ON THE RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Before the Court is the Report and Recommendation of the United States Magistrate Judge [Doc. 31] to deny Defendant Patricia Evans's Motion to Dismiss [Doc. 20] and to stay the instant matter pending the resolution of Plaintiff Nelson Delgiudice, Jr.'s ongoing state criminal action.  In the Recommendation, the Magistrate Judge also denied Plaintiff's Motion to Appoint [Doc. 24] and granted his Motion to Amend his Complaint [Doc. 26].   Plaintiff has filed an Objection to the Recommendation.  Thus, pursuant to 28 U.S.C. § 636(b)(1), this Court has thoroughly considered both the Recommendation and Objection and has made a *de novo* determination of the portion of the Recommendation to which Defendant objects. After careful consideration, the Court agrees with the findings and conclusions of the United States Magistrate Judge.

Plaintiff largely objects to the stay of the instant civil action pending the resolution of the state criminal charges against him.  In his objection, Plaintiff reasserts several points in support of the merits of his due process claim, however, these arguments are irrelevant.  As the Magistrate Judge explained in the Recommendation, there is an ongoing criminal action against Plaintiff for the very acts that Plaintiff now requests that this Court consider.   Consequently, the Court must abstain from considering the merits of Plaintiff's civil claim pursuant to *Younger v. Harris*.[1] Accordingly, Plaintiff's requests that this Court consider the merits of his due process claim are unavailing.

The remainder of Plaintiff's objections are with respect to the Magistrate Judge's decision to deny Plaintiff's request for counsel and to grant Plaintiff's motion to amend his complaint.  To the extent Plaintiff objects to the Magistrate's decision to deny his requests to appoint counsel, the Court concludes that these findings are not "clearly erroneous" or "contrary to law."[2]   Finally, to the extent Plaintiff requests permission to re-amend his complaint once this Court has entered its Order, Plaintiff's request is **DENIED without prejudice**.   Plaintiff seeks to add nominal damages against Defendant and to shorten his initial pleading so as to draw more attention to

---

[1] 401 U.S. 37 (1971).

[2] *See* 28 U.S.C. § 636(b)(1) (pretrial orders are reviewed under the "clearly erroneous and contrary to law standard" and are not subject to a de novo determination as are a magistrate's proposed findings and recommendations); *see Calderon v. Waco Lighthouse for the Blind*, 630 F.2d 352, 345-55 (5th Cir. 1980).  See *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the pertinent facts.  Because the Court concludes that a stay in this case is necessary, Plaintiff may not amend his complaint at this point.  However, should Plaintiff wish to amend his pleading once the criminal action against him has concluded, the Court will entertain Plaintiff's request at that time.

Accordingly, the Report and Recommendation [Doc. 31] is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**.  Defendant's Motion to Dismiss [Doc. 20] is **DENIED**.  This action is hereby **STAYED for a duration of 180 days**[3] **from the date of this Order or until the conclusion of the criminal proceedings, whichever is sooner.** [4]  As this Court can take no further action pending the resolution of the ongoing criminal proceeding, this action is **ADMINISTRATIVELY CLOSED.  Thirty (30) days** prior to the expiration of such stay, the parties are **DIRECTED** to file a report regarding the status of the criminal proceedings against Plaintiff, and at that point, the Magistrate Judge will consider whether a second stay is warranted.

**SO ORDERED,** this 28th day of March, 2013.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH

---

[3] *See e.g., Ortega Trujillo v. Conover & Co. Comm., Inc.,* 221 F.3d 1262, 1264 (11th Cir. 2000) (concluding that a stay is immoderate, and thus unlawful, if it is indefinite in scope).

[4] In the event of the conclusion of the criminal investigation and proceedings prior to the 120-day period, the parties must file a motion to lift stay and reopen the case within ten (10) days of receiving notice.