IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| NELSON DELGIUDICE, JR, | : | |
| | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. 5:12-cv-74-CAR-MSH |
| | : | |
| PATRICIA EVANS | : | |
| | : | |
| Defendant | : | |

_____

**REPORT AND RECOMMENDATION**

Presently pending before the Court are Plaintiff's motions to amend (ECF Nos. 49, 50, 53, 58) and Defendant's motion to dismiss (ECF No. 55). It is recommended that Plaintiff's motions to amend be granted solely as explained below and Defendant's motion to dismiss be granted.

**BACKGROUND**

This action arises out of an alleged "assault" on Plaintiff, a Hispanic prisoner. According to the Complaint, Officer Jarvis Primus ran into Plaintiff's cell, "giving no orders or commands," and "struck Plaintiff on the left side of his face," without cause, "knocking [him] out cold." (Comp. 6.) Officer Primus then continued to assault Plaintiff even though he was unconscious. (*Id.*) As a result of this attack, Plaintiff suffered severe and disfiguring injuries to his face and head. Plaintiff received medical treatment and was later taken to the segregation unit.

Plaintiff alleges that Officer Larry Milner attempted to cover-up the unlawful conduct (and protect his co-worker from "liability") by filing a "fabricated and

fraudulent" disciplinary report. (Compl. 6.) According to the Complaint, two disciplinary reports were filed after the incident. In the first, Defendant Milner states that Plaintiff attempted to cut *him* with a sharp object. (*Id.*) Plaintiff claims, on the other hand, that he "never even came across [Milner] on the day of the incident." (*Id.*) In the second report, another officer accused Plaintiff of possessing a weapon and ammunition. Apparently, this report was later "dismissed," and no weapon was ever confiscated or produced as evidence against Plaintiff. (Compl. 7.) A response to Plaintiff's grievance about the incident still concluded that Plaintiff "assaulted and stabbed" a CERT team officer and "was subdued using appropriate force." (Pl.'s Supplement 2.) Plaintiff claims that the events described in the disciplinary reports and grievance response never occurred. All of Plaintiff's administrative appeals were denied.

Officer Milner's report evidently led to a disciplinary hearing, wherein Plaintiff was given an opportunity to deny all accusations and explain "why he wouldn't commit such foolish and suicidal" acts. (Pl.'s Supplement 3.) The hearing officer, Defendant Patricia Evans, nonetheless found Plaintiff guilty of "possession of [a] weapon" and "attempting to use [a] weapon to cause bodily injury." (Compl. 7; Pl.'s Supplement 3.) The written statement issued thereafter stated only that Plaintiff was found guilty of the charges "based on the factual statement" (presumably of an accusing officer). (Compl. 7, Pl.'s Supplement 3.) Plaintiff later appealed the decision to the Warden, and the appeal was denied.

After the hearing, criminal charges were also filed. (Compl. 7.) The Complaint alleges that Plaintiff was made to appear before a court in Hancock County, at which time

he pled "not guilty" to charges of "aggravated assault."  Plaintiff was charged with assaulting both Defendants Milner *and* Primus, though, according to Plaintiff, no disciplinary report ever suggested that he assaulted Defendant Primus, and Primus never filed a report of his own.  (Compl. 9.)  These criminal charges have now been dead docketed in the Superior Court of Hancock County.  (Def.'s Supplemental Status Report Ex. 1, ECF No. 44-1.)

Although Plaintiff originally brought claims against Officers Primus and Milner, those claims were dismissed on preliminary review.  The only currently pending claims are against Defendant Patricia Evans in her individual capacity for failure to provide due process before putting Plaintiff in the segregation unit for more than twenty-two months.  Plaintiff seeks compensatory and punitive damages against Defendant Evans.  It is recommended that these claims be dismissed for failure to state a claim as explained below.  Plaintiff also seeks to amend to add claims against Officer Jarvis Primus, Officer Milner, Celeste Young, Mr. Upton, and Shevondah Field.  Plaintiff's motions to amend also contain various other claims which he seeks to add which are not connected to a particular defendant.  It is recommended that Plaintiff be allowed to amend only as against Defendant Officer Jarvis Primus because justice so requires under the circumstances of this case.

## DISCUSSION

I.   **Motion to Dismiss**

    A.   Standard of Review

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all

facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

    B.    <u>Defendant Evans' Motion to Dismiss</u>

Plaintiff sues Defendant Patricia Evans in her individual capacity for failure to provide due process during a disciplinary hearing that resulted in Plaintiff being transferred to the special management unit (SMU). Plaintiff alleges that Defendant Evans was the hearing officer during the disciplinary hearing and that such hearing was generally unconstitutional and not held fairly. He specifically asserts that Defendant Evans failed to present or withheld exculpatory evidence, withheld "numerous witness written testimonies that showed Plaintiff's innocence[,]" and "failed to give an adequate written statement describing the evidence relied on for the finding and reason for

disciplinary action." (Pl.'s Second Br. to Supp. His Claim 6, ECF No. 61.)

Defendant moves to dismiss the claims arguing that Plaintiff has not stated a claim for denial of his due process rights.  A prisoner may claim a violation of a protected liberty interest arising out of his confinement in punitive segregation, such that due process is required, if the placement (1) "will inevitably affect the duration of his sentence;" or (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  "When a prisoner's due process rights are triggered, he is entitled to, among other things, an opportunity to call witnesses and present documentary evidence at a disciplinary hearing."  *Allen v. Sec'y Fla. Dep't of Corr.*, -- F. App'x --, 2014 WL 4100423 at *2 (11th Cir. Aug. 21, 2014) (citation omitted).  Generally, however, prisoners have "no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison." *Kramer v. Donald*, 286 F. App'x 674, 676 (11th Cir. 2008); *see also Meachum v. Fano,* 427 U.S. 215, 223-24 (1976) (finding the transfer of a prisoner to less agreeable prison does not implicate a liberty interest).

Plaintiff's Complaint fails to allege that he has a protected liberty interest. Plaintiff makes no allegation that his placement in the SMU "will inevitably affect the duration of his sentence."  He merely asserts that placing him in the SMU will "have an adverse effect on [his] parole eligibility which will inevitably cause the plaintiff to spend more time in prison."  (Pl.'s Second Br. to Supp. His Claim 4.)  However, "the Georgia parole system does not create a liberty interest protected by the Due Process Clause." *Sultenfuss v. Snow*, 35 F.3d 1494, 1499 (11th Cir. 1994).

Furthermore, Plaintiff fails to allege how the conditions in the SMU differ from the "ordinary incidents of prison life," and certainly has not made a compelling argument that they are an "atypical and significant hardship."  Plaintiff's only factual assertion in his Complaint or Supplement to his Complaint regarding the conditions in the SMU is that he is being kept in segregation to keep him away from the law library and to prevent him from access to a cell phone which would allow him to get an attorney.  (Supp. to Compl. 3, ECF No. 9.)  In his responses to Defendant's motion to dismiss he claims that keeping him in segregation for now over three years is in and of itself an "atypical and significant hardship."  (Pl.'s Second Br. to Supp. His Claim 5.)  Additionally, he generally asserts that the conditions in SMU are "so controlled and restrictive compared to the ordinary prison conditions of the general population that it amounts to a liberty deprivation."  (*Id.* at 5-6.)  He further states that inmates in the SMU are kept to their cells which are sixty square feet, only allowed recreation two times a week, only allowed showers three times a week, allowed only one phone call per month, allowed to clean their cell only once a week, not allowed to attend religious or educational programs, not able to associate with other prisoners, and generally deprived of an adequate law library and legal books.  (Pl.'s First Br. to Supp. His Claim 5, ECF No. 28.)

Even if the Court considers the factual allegations in Plaintiff's responses, these restrictions are not a dramatic departure from the accepted standards for those confined in administrative segregation.  *See e.g., Fricks v. Upton*, No. 5:10–CV–458 (MTT), 2011 WL 3156680 at * 3 (M.D. Ga. April 14, 2011) (allegations that plaintiff was only allowed to shower three times a week, was handcuffed every time he was moved within the

prison, was denied library call and educational opportunities, and was forced to wear his hair "bald" were not "sufficiently serious" to constitute cruel and unusual punishment); *Garcia v. Cameron*, No. 2:10–cv–487–FtM–29DNF, 2010 WL 5477765 at *3 (M.D. Fla. Dec. 30, 2010) (allegations that prisoner was afforded only 30 minutes of outside physical exercise, three times a week, 15 minute showers three times a week, and 15 minute shaves and/or haircuts three times a week were not "the type of deprivation of life's necessities to rise to an Eighth Amendment violation"); *Georges v. Ricci*, Civ. No. 07–5576, 2007 WL 4292378, at *7 (D.N.J. Dec. 4, 2007) (visitation and telephone contacts with family members were not a minimal life's necessity); *Thompkins v. Hayes*, 2:06-CV-1106-MEF, 2007 WL 128797 at *2 (M.D. Ala. Jan. 12, 2007) ("The law is well settled that an inmate has no constitutionally protected interest in trade school or other educational program as the failure to place an inmate in any such program does not impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").[1]  Plaintiff has thus failed to state a due process claim as against Defendant Evans.  Defendant's motion to dismiss should be granted.

## II.     Motions to Amend

Plaintiff filed several motions to amend his Complaint under Federal Rule of Civil Procedure Rule 15(a) to add back in to his Complaint Officers Primus and Milner and to add three new defendants.  Plaintiff was previously directed to supplement his Complaint, which was done on March 23, 2012, and amended his Complaint as of right on June 28,

---

[1] Some of these cases were decided in the context of Eighth Amendment conditions of confinement claims.

2012.  Consequently, any amendment now must be an amendment with the Court's leave pursuant to Federal Rules of Civil Procedure Rule 15(a)(2).  The Court should "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

Specifically, Plaintiff seeks to add back into his Complaint his Eighth Amendment claim of excessive force against Officer Jarvis Primus for "assaulting" Plaintiff.  (Pl.'s Renewed Mot. to Am. 1, ECF No. 58.)  Additionally, Plaintiff asks to reassert his claims against Officer Milner for drafting an "unfounded disciplinary report against Plaintiff[.]" (*Id.*)  Plaintiff also requests to include as defendants Celeste Young, Steve Upton, and Shevondah Field all for alleged due process violations concerning his disciplinary hearing.  (*Id.*)  Plaintiff further seeks to amend claiming that he does have a liberty interest in not being kept in the SMU, that he has been kept in SMU for three and a half years, that Defendant Evans withheld evidence of Plaintiff's innocence, and violated his constitutional rights.  (Mot. for Leave to File an Am. Compl. 1, ECF No. 53.)

Here, Plaintiff's motions to amend to add additional Fourteenth Amendment Due Process claims should be denied because his amendments would be futile.  *See, e.g., Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.")  Plaintiff's proposed amendments contain the same deficiencies explained above—Plaintiff has failed to allege a protected liberty interest in his confinement in the SMU.  Consequently, his allegations against Officer Milner, Celeste Young, Steve Upton, and Shevondah Field for a violation of his procedural due process rights fail to state a claim.  Such amendments should be disallowed as futile.

However, Plaintiff's excessive force claim against Officer Jarvis Primus in his individual capacity should be allowed to go forward.  This claim was originally dismissed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), because Plaintiff had state criminal charges pending against him for the alleged assault on Officer Primus.  As was previously explained by this Court, those criminal charges have been dead docketed. Plaintiff also recently filed a notice with the Court stating his belief that those charges have now been dismissed.  (ECF No. 64.)

In his original Complaint and motions to amend, Plaintiff alleges that he was assaulted by Officer Primus in June 2010.  If the Court were to deny his request to amend his Complaint, such claims would likely be barred by the applicable statute of limitations in a new action.  *See, e.g., Bell v. Metro. Atlanta Rapid Transit Auth.*, 521 F. App'x 862, 865 (11th Cir. 2013) ("The forum state's statute of limitations for personal injury actions applies to § 1983 claims, which in Georgia is two years.").  Consequently, the Court finds that it is in the interest of justice under the facts of this case to allow Plaintiff to amend his Complaint to reassert his claim for excessive force against Officer Primus in his individual capacity.  Plaintiff should be allowed to amend <u>only</u> as to this claim.

## CONCLUSION

For the reasons explained above, it is recommended that Defendant Evans' motion to dismiss (ECF No. 55) be granted.  It is further recommended that Plaintiff's motions to amend (ECF Nos. 49, 50, 53, 58) be granted to allow Plaintiff's Eighth Amendment excessive force claim against Officer Primus in his individual capacity to go forward. Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in

writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

  SO RECOMMENDED, this 3rd day of September, 2014.

               S/Stephen Hyles
               UNITED STATES MAGISTRATE JUDGE