IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **NELSON DELGIUDICE, JR.,** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | No. 5:12-CV-74 (CAR) |
| **PATRICIA EVANS,** | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

### ORDER ON THE REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Report and Recommendation of the United States Magistrate Judge [Doc. 66] to grant Defendant Patricia Evans' Motion to Dismiss [Doc. 55] and to grant in part and deny in part Plaintiff Nelson Delgiudice, Jr.'s Motions to Amend [Docs. 49, 50, 53, 58]. Plaintiff has filed an Objection to the Recommendation. Having considered the Objection and conducted a *de novo* review of the matters raised therein, the Court agrees with the findings and conclusions of the Magistrate Judge.

In the Recommendation, the Magistrate Judge recommends dismissing Plaintiff's due process claim against Defendant Evans and denying Plaintiff leave to amend to add due process claims against Officer Milner, Celeste Young, Steve Upton, and Shevondah Field because Plaintiff has failed to allege a protected liberty interest arising from his confinement in the Special Management Unit ("SMU"). In his Objection, Plaintiff reasserts the same facts and arguments considered and addressed by the Magistrate Judge and

seeks leave to amend his Complaint to include more factual allegations showing the existence of a cognizable liberty interest.

The Court may construe new factual allegations asserted in an objection by a *pro se* litigant as a motion to amend.[1] Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within certain time constraints.[2] When, as in this case, the time to amend as a matter of course has passed, a party may amend its pleading by leave of court or by written consent of the opposing party.[3] When the party seeks leave of court, "[t]he court should freely give leave when justice so requires."[4] Under this rule, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."[5] When determining whether a substantial reason exists to deny leave to amend, a district court should consider factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[6]

After considering these factors, the Court finds substantial reasons exist to deny Plaintiff's motion to amend his Complaint with new factual allegations in his Objection. First, Plaintiff has delayed in seeking leave to amend: Defendant filed her Motion to

---

[1] *See Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007).
[2] Fed. R. Civ. P. 15(a)(2).
[3] *Id.*
[4] *Id.*
[5] *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).
[6] *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Rosen v. TRW, Inc.*, 979 F.2d 191, 194 (11th Cir. 1992).

Dismiss on February 3, 2014, highlighting potential deficiencies in Plaintiff Complaint, but Plaintiff waited over seven months thereafter before seeking leave to amend.  Moreover, despite numerous attempts and opportunities, Plaintiff has failed to cure the deficiencies in the Complaint with respect to his due process claim.  At this juncture, Plaintiff has been afforded the opportunity to supplement his Complaint and has filed four additional Motions to Amend.  Furthermore, the Court finds that, given the various opportunities to amend and the amount of time that has passed, allowing an amendment at this point would prejudice Defendant Evans.  In this regard, the Court notes that Defendant Evans has filed two Motions to Dismiss in reliance on the facts as alleged in the Complaint, the Supplement to the Complaint, and the responses to the Motions filed by Plaintiff.  To allow Plaintiff to amend after the fact would be unjust.  Furthermore, the amendment would be futile because the allegations raised in the Objection fail to show the existence of a liberty interest.  For these reasons, the Court denies this, Plaintiff's fifth attempt, to amend his Complaint.

In light of this holding, the Court finds that the facts as alleged fail to show the existence of a liberty interest.  The Supreme Court recognizes only two situations in which a prisoner may claim a violation of a liberty interest arising out of prison disciplinary actions: (1) if the punishment "will inevitably affect the duration of his sentence;" or (2) the punishment "imposes atypical and significant hardship on the inmate in relation to the

ordinary incidents of prison life."[7]  The Court agrees with the Magistrate Judge that the facts as alleged in the Complaint, the Supplement to the Complaint, and even those alleged in Plaintiff's responses to Defendant's Motions to Dismiss, fall short of showing Plaintiff's confinement in the SMU will inevitably affect the duration of his sentence or impose an atypical and significant hardship on Plaintiff.  While the Court accepts as true Plaintiff's assertion that he has been confined in the SMU for over 3 years, time alone does not create an atypical and significant hardship without a showing that the conditions of confinement are drastically different from the ordinary incidents of prison life experienced by prisoners in the general population.[8]  Thus, Plaintiff fails to allege circumstances giving rise to a protected liberty interest sufficient to support a due process violation.  As a result, Plaintiff's due process claim against Defendant Evans must be dismissed and his Motions to Amend denied to the extent that Plaintiff seeks to assert additional due process claims.

In addition to recommending dismissal of the due process claim, the Magistrate Judge further recommends granting Plaintiff's Motions to Amend to the extent that he seeks to reassert an Eighth Amendment excessive force claim against Officer Jarvis Primus. After an initial frivolity review, this Court dismissed without prejudice Plaintiff's

---

[7] *Sandin v. Conner*, 515 U.S. 472, 484 (1995).
[8] *See Morefield v. Smith*, 404 F. App'x 443, 446 (11th Cir. 2010) (holding that four-year confinement in administrative segregation, albeit lengthy, did not give rise to a liberty interests where conditions of confinement were generally equivalent to conditions in the general population); *Al-Amin v. Donald*, 165 F. App'x 733, 735, 738 (11th Cir. 2006) (holding no liberty interest existed in three-year confinement in administrative segregation because conditions did not drastically differ from the general population).

excessive force claim based on *Younger v. Harris*[9] because state criminal charges arising from the same facts as this case were pending at the time. Now that those charges have been dead docketed, Plaintiff may now reassert his claim.

Based on the foregoing, the Report and Recommendation [Doc. 66] is **ADOPTED** and **MADE THE ORDER OF THE COURT**. Defendant Evans' Motion to Dismiss [Doc. 55] is **GRANTED**. Accordingly, Plaintiff's due process claim against Defendant Evans is **DISMISSED without prejudice** for failure to state a claim. Plaintiff's Motions to Amend [Docs. 49, 50, 53, 58] are **GRANTED in part** and **DENIED in part**. Plaintiff may amend his Complaint to assert an Eighth Amendment excessive force claim against Officer Jarvis Primus in his individual capacity. Plaintiff is hereby **DIRECTED** to file a supplemental complaint alleging all facts to support his Eight Amendment excessive force claim against Defendant Primus **within fourteen (14) days** of receiving this Order. Any other allegations related to the dismissed due process claims or other claims not previously asserted will not be considered. Failure to file a supplemental complaint may result in dismissal of Plaintiff's excessive force claim without prejudice.

**SO ORDERED,** this 29th day of September, 2014.

S/ C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

ADP/ssh

---

[9] 401 U.S. 37, 53 (1971).