IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| NELSON DELGIUDICE, JR., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CIVIL NO. 5:12-cv-74-MSH |
| | : | |
| JARVIS PRIMUS, | : | |
| | : | |
| Defendant. | : | |
| _____ | | |

## ORDER

Presently pending before the Court are Plaintiff's motion for a new trial (ECF No. 148) and motion for leave to appeal *in forma pauperis* (ECF No. 151). For the reasons explained below, Plaintiff's motion for a new trial is denied, but his motion for leave to appeal IFP is granted.

## BACKGROUND

On September 14, 2015, the Court began a jury trial in this case on the one remaining claim for relief—an Eighth Amendment excessive force claim against Defendant Jarvis Primus. (ECF No. 139.) The jury returned a verdict in Defendant's favor on September 16, 2015. (ECF No. 143.) At the trial, Plaintiff was represented by pro bono counsel appointed by the Court. Order 1, Jun. 26, 2015, ECF No. 100.

Judgment was entered on September 29, 2015 (ECF No. 145) and Plaintiff moved for a new trial on October 2 (ECF No. 148). Plaintiff also filed a notice of appeal (ECF No. 150) and motion for leave to proceed IFP on appeal (ECF No. 151) on October 19, 2015, concerning multiple rulings throughout the course of this case. Plaintiff's motion

for a new trial and motion for leave to proceed IFP are ripe for review.

## DISCUSSION

**I.     Motion for New Trial**

Plaintiff requests a new trial pursuant to Federal Rules of Civil Procedure Rule 59(a)(1)(A). He asserts four grounds for relief: (1) counsel was not given enough time to prepare for trial; (2) the Court improperly excluded evidence that Plaintiff is housed in the special management unit ("SMU"); (3) the Court improperly excluded evidence concerning Plaintiff's willingness to take a polygraph examination; and (4) the Court improperly excluded evidence that the charges against Plaintiff for assault were dismissed. Mot. for New Trial 1-4, ECF No. 148. Each of these grounds is meritless.

   A.   <u>Preparation time for Trial</u>

Plaintiff initially claims that he should be granted a new trial because appointed counsel was not provided enough time to properly prepare for trial. The Court appointed counsel on June 26, 2015. Order 1, ECF No. 100. The trial did not occur until mid-September—close to three months later—and involved only one claim against Defendant, that he used excessive force against Plaintiff in June 2010. Counsel announced ready for trial at the pretrial conference and at the start of trial on September 14. At no time did counsel request a continuance. Plaintiff consequently waived this argument.

   B.   <u>Exclusion of evidence that Plaintiff was housed in SMU</u>

Plaintiff claims that evidence that he was kept in SMU since 2010 should have been allowed in the trial to show that Plaintiff had a difficult time gaining access to the law library and to other legal materials. Mot. for New Trial 3. Such evidence is

irrelevant to Plaintiff's claim of excessive force against Defendant Primus.  Fed. R. Evid. 401.  Plaintiff was not held in SMU at the time of the alleged excessive force, but was transferred to SMU after the incident from which Plaintiff's claim arose.  Furthermore, there is a risk that such evidence could have been prejudicial to Plaintiff or served to confuse the jury had it been introduced.  Fed. R. Evid. 403.  This evidence was properly excluded from the trial and Plaintiff's argument is meritless.

      C.    <u>Evidence of willingness to take a polygraph examination</u>

Plaintiff also contends that his statement to the GBI that he could not remember the majority of the events surrounding the June 2010 incident and that he was willing to take a polygraph examination should have been admitted.  First, Plaintiff's testified at the trial that he could not remember the events surrounding the June 2010 incident.  On cross examination the GBI investigator Rhiannon Morgan similarly stated that Plaintiff maintained that he had been assaulted by a guard and that he had memory issues surrounding the June 2010 incident.  Thus, while the specific statement that Plaintiff sought to have introduced may have been excluded, similar evidence was admitted.  This argument is thus meritless.

Second, the Court properly excluded Plaintiff's statement that he was willing to take a polygraph examination.  "Evidence of a witness' willingness to submit to a polygraph examination is . . . inadmissible."  *United States v. Hilton*, 772 F.3d 783, 785 (11th Cir. 1985).  Plaintiff did not actually take a polygraph, so the evidence of the results could not have been admitted under the limited circumstances allowed in this Circuit.  *See, e.g., United States v. Souffrant*, 517 F. App'x 803, 815-16 (11th Cir. 2013)

(discussing procedural prerequisites and circumstances for admission of polygraph evidence). Instead, Plaintiff merely stated that he was willing to take a polygraph examination. That statement is inadmissible and was properly excluded from the trial.

> D. Evidence relating to Plaintiff's charges being dead docketed

The Court excluded evidence that, as a result of the June 2010 incident that gave rise to this case, Plaintiff was charged with aggravated assault and possession of a weapon by an inmate. Def.'s Br. in Supp. Mot. in Limine 8, ECF No. 129-1. These charges were moved to the Dead Docket for the Superior Court of Hancock County on August 28, 2013. Dead Docket Order 1, ECF No. 44-1. Plaintiff claims that evidence that these "fraudulent charges" were "dismissed" should have been introduced at trial.

Contrary to Plaintiff's assertion, the charges against him have not been dismissed. Instead, they have been placed on the dead docket which allows for a case to be prosecuted in the future. *Barrett v. Sanders*, 262 Ga. App. 63, 66 (2003) ("Dead docketing is a procedural device by which the prosecution is postponed indefinitely but may be reinstated at any time at the pleasure of the court. Placing a case upon the dead docket certainly constitutes neither a dismissal nor a termination of the prosecution in the accused's favor."). Plaintiff's premise is misplaced and illustrates one of the problems with introducing such evidence—potential confusion of the jury. Fed. R. Evid. 403. Furthermore, such evidence is irrelevant to the claim of excessive force against Defendant Primus. Fed. R. Evid. 401. Plaintiff's final argument thus is without merit and his motion for a new trial is denied.

## II.     Motion for leave to appeal IFP

Plaintiff moves to proceed IFP on appeal in this case.  His notice of appeal covers multiple orders from various procedural stages of the case.  While the Court doubts that any error occurred, the Court cannot say that the appeal of so many various orders in this case is frivolous.  28 U.S.C. § 1915(e)(2).  Consequently, Plaintiff's motion to proceed IFP is granted.

## CONCLUSION

For the reasons explained above, Plaintiff's motion for a new trial (ECF No. 148) is denied.  His motion for leave to appeal IFP (ECF No. 151) is granted.

SO ORDERED this 18th day of December, 2015.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE